J. A. KREBS, Appellant, v. E. C. SAWYER, ET AL., Appellees.

Replevin: FAILURE TO SECURE BOND: RIGHT OF POSSESSION. Where a mortgagee prosecuted an action of replevin in another state, and the property was rightfully taken by the officer and by him delivered to plaintiff's attorney, failure of the officer to secure the replevin bond from the mortgagee before such delivery did not make the action wrongful or entitle the mortgagor to an action of replevin, although the officer might be liable for loss owing to a failure to perform his duty in that respect.

Chattel mortgages: POSSESSION OF PROPERTY. Under the express provisions of our statute a mortgagee is entitled to possession of the mortgaged property, although the title remains in the mortgagor until divested by a sale.

Same: WAIVER OF LIEN. A chattel mortgagee does not waive his lien by bringing an action of replevin in another state; as such an action is in enforcement rather than in hostility to his lien.

*Appeal from Pottawattamie District Court.*—HON. O. D. WHEELER, Judge.

SATURDAY, DECEMBER 13, 1913.

ACTION of replevin to recover the possession of an automobile. Plaintiff claimed to be the owner thereof and defendant Sawyer claimed it under and in virtue of a chattel mortgage. The case was tried to the court without a jury, resulting in a judgment for the defendant Sawyer, and plaintiff appeals.—*Affirmed.*

*Mayne & Green* and *H. H. Bowes,* for appellant.

*Fremont Benjamin,* for appellees.

DEEMER, J.—Some time prior to October 28, 1911, plaintiff was the owner of a Ford automobile, upon which he had executed a mortgage to the defendant Sawyer. Both parties were residents of Omaha, Neb., and the mortgage was duly acknowledged and filed for record according to the laws of that state. Before the commencement of this action, plaintiff had left the machine with a repair company in the city of Omaha to have it repaired. While in the possession of the repair company, Sawyer, the mortgagee, on the afternoon of the day before this action was commenced, brought an action of replevin in the county court of Douglass county, Neb., against the repair company, to recover the possession of the machine. The machine was taken under a writ issued in that action by a constable, and by him turned over to one of the defendants, Benjamin, who was an attorney for Sawyer, with instructions to take it to a certain garage in Omaha for storage. Instead of following these directions, Benjamin brought it to Council Bluffs, and left it temporarily with the Marsh Auto Company in that city. On the morning of the 28th of October, plaintiff commenced this action of replevin against Sawyer, Benjamin, and the Marsh Auto Company, to recover the possession of the machine, and pursuant to a writ issued in the case, the property was taken, by the sheriff

of Pottawattamie county, into his possession about 9 a. m. of October 28th. Plaintiff claims that, as owner of the property, he was entitled to the possession thereof; that none of the defendants were entitled to it under the proceedings had in the county court of Nebraska, because none of them had complied with the laws of that state authorizing them to hold it under the writ; that by commencing his action of replevin in Nebraska, Sawyer waived all his rights under his chattel mortgage, and that the judgment of the trial court is erroneous and should be reversed.

One section of the Nebraska statute (Cobbey's Ann. St. 1911, section 1157) provides that in replevin proceedings:

The sheriff, or other officer, shall not deliver to the plaintiff, his attorney or agent the property so taken, until there has been executed by one or more sufficient sureties of the plaintiff a written undertaking to the defendant, in at least double the value of the property taken, to the effect that the plaintiff shall duly prosecute the action and pay all costs and damages which may be awarded against him, and return the property to the defendant, in case judgment for a return of such property is rendered against him. The undertaking shall be returned with the order.

And another (section 1159) says:

If the undertaking, required by section one hundred eighty-six (1157), be not given within twenty-four hours from the taking of the property under said order, the sheriff or other officer shall return the property to the defendant. And if the sheriff or other officer deliver any property so taken to the plaintiff, his agent or attorney, or keep the same from the defendant, without taking such security within the time aforesaid, or if he take insufficient security, he shall be liable to the defendant in damages.

The bond referred to in the first of these sections was given by Sawyer et al. on October 30th, and, according to the

constable's return, the property was turned over to Sawyer on the same day. As a matter of fact, the machine

1. REPLEVIN: failure to secure bond: right of possession.

was delivered to Benjamin, an attorney for Sawyer, on October 27th, and the trial court was justified in finding that it was taken by this attorney to Council Bluffs, with the consent of the officer, who took it from the repair company under the writ of replevin, because the proprietor of the garage in the latter city was a friend of the attorney and would keep it for less expense than it could be kept elsewhere. It also appears, without dispute, that the case was tried in the county court of Nebraska before this proceeding was had, and that the machine was, by that court, awarded to the defendant Sawyer. From this record it appears that the machine was never wrongfully taken from the plaintiff's possession, and that at the time of the commencement of this action plaintiff was not entitled to the possession thereof. If the action of replevin was properly prosecuted in Nebraska, as we must hold it was, and if the property was rightfully taken under the writ issued by the county court of that state, and the property properly taken into the officer's possession under the writ, his failure to secure a bond before delivering the machine to Sawyer's attorney did not make the action wrongful, or authorize the owners to maintain a separate and independent action, either here or in the courts of Nebraska, to recover the possession of his property. He might have held the officer liable for any loss that may have occurred, due to the officer's failure to do his duty, but this failure did not authorize him to sue for the possession of the property. The trial court was authorized to find that the bond was given within the twenty-four hours; but, whether this be so or not, plaintiff did not await the expiration of the twenty-four hours before commencing his suit. The case proceeded in the regular way in the courts of Nebraska, and Sawyer was awarded the possession of the machine.

Moreover, even should it be held that the replevin pro-

ceedings in Nebraska were abandoned, this will not avail the plaintiff. Although the owner of the property, he made a

**2. CHATTEL MORTGAGES: possession of property.** confessedly valid mortgage upon the machine, which was duly acknowledged and recorded under the laws of our sister state, and, conceding that defendant was not authorized to hold it under the legal proceedings instituted by him, he was nevertheless entitled to the possession of the property under his mortgage, in virtue of section 2911 of our Code. The law of Nebraska upon this subject is presumed to be the same as our own; but, whether that be so or not, the case is here, and must in this respect, be settled by our law.

There is nothing in the point that Sawyer waived his mortgage lien by commencing his action of replevin in Nebraska. What he did there was in the enforcement of his

**3. SAME: waiver of lien.** lien, and not in hostility to it. In fact, he has never waived either claim, but constantly asserted both, as he had the right to do.

The judgment has support in the record, and it is *Affirmed.*

WEAVER, C. J., and GAYNOR and WITHROW, JJ., concur.